# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

October 30, 2008

Mr. Ronald Sticka, Trustee
P.O. Box 11038
Eugene, OR 97401

Mr. Shawn Sornson
3415 Commercial St. SE, #106
Salem, OR 97302

RE: Sticka v. Stone 08-6097-fra

Dear Sirs:

    The Trustee has filed a motion for summary judgment for Count 1 of his Complaint and has moved for dismissal of Count 2. The Defendant has not filed a response to the Trustee's motion. For the reasons that follow, Trustee's motion will be allowed.

## BACKGROUND

### The Complaint
Count 1 alleges that the Debtor/Defendant failed to obey an order of the Court docketed April 22, 2008 requiring the Debtor to turn over to the Trustee a total of $9,479, consisting of $1,866 in non-exempt bank deposits and $7,613 in accounts receivable. Revocation of Debtor's discharge, entered June 21, 2006, is sought under Code § 727(d)(3).

    Count 2 seeks a money judgment in the amount of $9,479.

### The Answer
The Defendant admitted the substantive allegations of Count 1 (i.e. that an order was entered requiring turnover of funds and that the Debtor failed to turn over those funds), and denied the allegations of Count 2.

### Trustee's Motion for Summary Judgment
The motion for summary judgment relies on the Defendant's earlier admissions to establish that:
1) The Defendant was ordered on April 22, 2008 to turn over non-exempt funds totaling

$9,479, due at the office of the Trustee within 30 days,
> 2) Defendant failed to turn over any money to the Trustee, and
> 3) An order of discharge was entered on June 21, 2006.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.  The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial.  Absent such response, summary judgment shall be granted if appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## DISCUSSION

11 U.S.C. § 727(d)(3) provides that upon motion the court shall revoke the discharge of a debtor " if the debtor committed any act specified in subsection (a)(6) of this section."  Section (a)(6)(A) denies discharge where "the debtor has refused, in this case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify."

The burden of proof is on the Trustee, as the Plaintiff, to show that there has been a violation of a lawful order of the court.  The burden then shifts to the Debtor to prove that he has not committed the objectionable act.  Collier on Bankruptcy ¶ 727.09[1] (15th ed. rev'd 2008).  The Trustee has met his burden.  The Defendant, in admitting to the substantive allegations of Count 1 of the Complaint and in not responding to the motion for summary judgment, has not met his corresponding burden to prove that he has not committed the objectionable act. Summary judgment shall therefore be granted with respect to Count 1 of the Complaint.

Mr. Sticka and Mr. Sornson
October 30, 2008
Page - 3

## CONCLUSION

For the reasons given, the Plaintiff / Trustee's motion for summary judgment as to Count 1 of his Complaint will be granted and Count 2 will be dismissed. An order consistent with this Letter Opinion will be entered by the Court.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge